NOT DESIGNATED FOR PUBLICATION

No. 122,898

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

SHANE C. RUTLEDGE,
*Appellant*,

v.

STATE OF KANSAS,
*Appellee*.

MEMORANDUM OPINION

Appeal from Edwards District Court; BRUCE T. GATTERMAN, judge. Opinion filed June 25, 2021.
Affirmed.

*Kristen B. Patty*, of Wichita, for appellant.

*Natalie Chalmers*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL, J., and MCANANY, S.J.

PER CURIAM: Shane Curtis Rutledge was convicted of rape and aggravated indecent liberties with a child. Following an unsuccessful direct appeal, Rutledge filed his K.S.A. 60-1507 motion which is the subject of this appeal. Rutledge contended in that motion that his trial counsel provided ineffective assistance in responding to a question that was presented by the jury during deliberations. The district court rejected this claim, and Rutledge appealed.

We issued a show cause order to determine whether we should consider this appeal on the merits. Based on the response to that order, we conclude that we should consider Rutledge's claim on appeal. Turning to the merits, our review of the matter leads

1

us to the conclusion that the district court did not err in denying Rutledge's ineffective assistance of counsel claim, and we affirm the ruling of the district court.

FACTS

The specific facts related to Rutledge's crimes are detailed at length in this court's opinion in Rutledge's direct appeal. See *State v. Rutledge*, No. 114,221, 2017 WL 1104531, at \*1 (Kan. App.) (unpublished opinion), *rev. denied* 306 Kan. 1329 (2017). They are not relevant to this appeal from the district court's ruling on Rutledge's K.S.A. 60-1507 motion. Instead, Rutledge's current appeal is narrowly focused on one trial issue.

During jury deliberations, the jury sent to the court the following written question:

"We heard testimony for the victim that penatration [*sic*] occurred. Our problem is that at the interview nor at the trail [*sic*] the defendant never was asked if penetration occurred. Our understanding that the burden of proof is on the State. Should his <u>no</u> response be considered?"

Rutledge was present when the judge read the question and while the judge conferred with the prosecutor and defense counsel. The prosecutor recommended that the jury be instructed to refer back to Instruction No. 4, regarding the elements of the rape charge, which included a definition of penetration. In response, Rutledge's trial counsel stated:

"Your Honor, first, I guess, it is my recollection that the Defendant was asked that question and his answer was no during my direct examination. I'm sure the record would reflect that. However, I don't believe it's necessary to direct them to Instruction Number 4, jury instruction 4. It may cause more confusion. I just think the first jury instructions about it's up to them to use their collective memories to arrive at a decision should be sufficient."

2

Rutledge's counsel was correct that during direct examination, Rutledge had denied penetrating the victim's vagina. But neither the prosecutor nor defense counsel suggested that the jury be provided with a read-back of the testimony on that point to clarify that fact for the jury.

The jury's question was not a model of clarity, and the district court so indicated. The court commented that the question did not indicate jury confusion about what constituted penetration, but rather a question "as to whether or not the trier of fact can consider their collective understanding of the evidence." Thus, following the recommendation of Rutledge's counsel, the district court decided to answer the question by referring the jury to Instruction No. 1 and to the jury instructions as a whole. As a final note, the court observed: "That may generate another question if that doesn't go where the jury is coming from. But at least the next question may be clearer for us."

Prior to sending the response to the jury, the district court asked whether there was any objection to the proffered response. The State objected and renewed its request that the jury be referred to Instruction No. 4. Rutledge's counsel did not object to the court's proposed response.

Shortly thereafter, the jury rendered its verdicts, convicting Rutledge of both counts charged. Rutledge was sentenced to life in prison with the possibility of parole after 25 years. Later, on direct appeal, a panel of this court upheld Rutledge's convictions. *Rutledge*, 2017 WL 1104531 at *6. With regard to the jury question issue, the panel held that if there was any error in answering the jury question, it was invited by defense counsel and could not be raised on appeal. 2017 WL 1104531, at *5.

Thereafter, Rutledge filed a pro se K.S.A. 60-1507 motion, asserting seven claims of ineffective assistance of his trial counsel. His appointed 1507 counsel added a claim that counsel on Rutledge's direct appeal also was ineffective. Following an evidentiary

3

hearing on Rutledge's motion, the district court denied relief on all of these claims, and this appeal followed.

ANALYSIS

On appeal, Rutledge claims the district court erred in rejecting his claim that his trial counsel provided ineffective assistance in responding to a question that was presented by the jury during deliberations. He has abandoned the other claims raised before the district court.

We note in passing that Rutledge briefly addresses the fact that the court responded to the jury question in writing rather than assembling the jurors in the courtroom to answer their question. But he does not identify this as having anything to do with the district court's ruling on his claim of ineffective assistance of counsel. Accordingly, we will not consider it.

Rutledge argues on appeal that his counsel provided ineffective assistance by requesting that the court answer the jurors' question by referring them to the instructions already provided to them instead of requesting a reading of the trial transcript to refresh their recollections regarding Rutledge's denial of penetrating the victim's vagina.

When the district court conducts an evidentiary hearing on claims of ineffective assistance of counsel, we review the district court's factual findings using a substantial competent evidence standard. We review the district court's legal conclusions de novo. *State v. Butler*, 307 Kan. 831, 853, 416 P.3d 116 (2018).

> "To prevail on a claim of ineffective assistance of trial counsel, a criminal
> defendant must establish (1) that the performance of defense counsel was deficient under
> the totality of the circumstances, and (2) prejudice, i.e., that there is a reasonable

4

probability the jury would have reached a different result absent the deficient performance. *Sola-Morales v. State*, 300 Kan. 875, 882, 335 P.3d 1162 (2014) (relying on *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674, *reh. denied* 467 U.S. 1267 [1984])." *State v. Salary*, 309 Kan. 479, 483, 437 P.3d 953 (2019).

"Judicial scrutiny of counsel's performance in a claim of ineffective assistance of counsel is highly deferential and requires consideration of all the evidence before the judge or jury." *Robinson v. State*, 56 Kan. App. 2d 211, Syl. ¶ 3, 428 P.3d 225 (2018); see *State v. Sprague*, 303 Kan. 418, 426, 362 P.3d 828 (2015). The reviewing court must strongly presume that counsel's conduct fell within the broad range of reasonable professional assistance. *State v. Kelly*, 298 Kan. 965, 970, 318 P.3d 987 (2014). To establish prejudice, the defendant must show a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different, with a reasonable probability meaning a probability sufficient to undermine confidence in the outcome. *Sprague*, 303 Kan. at 426.

Here, the prosecutor suggested that the jury should be referred to Instruction No. 4 for the elements of the crime of rape and a definition of penetration. But defense counsel recognized that the jury question did not reflect a confusion over what constituted penetration.

The district court likewise determined that the question did not indicate a confusion about what constituted penetration. Rather, the court interpreted the question as expressing some confusion about "whether or not the trier of fact can consider their collective understanding of the evidence." The district court's answer to the question appropriately referred the jury to the previously given instructions—Instruction No. 1 in particular—to resolve the issue.

Another possible construction of this rather unclear jury question could be that some jurors thought Rutledge had not been asked about penetration, while others thought otherwise; the latter based on the question, "Should his <u>no</u> response be considered?" In this interpretation of the question, the "his <u>no</u> response" in the question could be construed as Rutledge's denial of penetration. In any event, defense counsel proposed— and the district court agreed—that the jurors should be referred to the instructions as a whole, and Instruction No. 1 in particular, which instructed them to use their collective memories to arrive at a decision.

Rutledge argues that the court should have ordered a read-back of Rutledge's testimony on this point. But the jury did not ask for a read-back. Nor did the State recommend a read-back of any testimony. Rather, the court's answer simply reaffirmed the jury's need to rely on their collective memory, while recognizing that if that does not resolve the issue "[t]hat may generate another question if that doesn't go where the jury is coming from."

Rutledge also claims that the court's failure to provide a read-back of Rutledge's testimony to resolve the penetration question removed the issue of penetration from the jury's consideration, thereby relieving the State of the burden of proving this element of the crime. We disagree. The jurors acknowledged in their question that the burden of proof was on the State. This would include the burden to prove penetration, a burden spelled out in the court's previous instructions, to which the court referred in its answer. The court's response did not indicate one way or the other whether penetration had occurred. Rather, the jurors were told in Instruction No. 1 that they were to use their collective memory to resolve this issue of fact.

We consider that either of the interpretations of the jury's question, which we discussed, was a reasonable one. But if there is some other reasonable interpretation of the question, the district court did not abuse its discretion when it responded to one of

6

multiple reasonable interpretations. *State v. Bowser*, 312 Kan. 289, 307-08, 474 P.3d 744 (2020). Moreover, when presented with jury confusion related to a point of evidence, it is appropriate for the district court to either read the testimony back to the jury or direct the jury to rely on its collective memory. *State v. Stieben*, 292 Kan. 533, 537, 256 P.3d 796 (2011). The district court properly referred the jury to the instructions already given. The district court did not err in its answer to the jury question. And if the district court did not err in this regard, Rutledge's trial counsel cannot be found to have been ineffective in recommending it.

The district court did not err in denying relief on Rutledge's K.S.A. 60-1507 motion. Thus, we need not address the issue of prejudice.

Affirmed.